IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>v.<br><br>CHAD RYAN HUNTSMAN,<br><br>               Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE<br><br><br>Case No. 2:15-CR-645 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant Chad Ryan Huntsman's Motion for Compassionate Release. For the reasons discussed below, the Court will deny the Motion.

I. BACKGROUND

Defendant was charged with production of child pornography and possession of child pornography. Defendant pleaded guilty to production of child pornography. Defendant was sentenced to 270 months' imprisonment. Defendant now seeks release based on his health conditions and the COVID-19 pandemic.

II. DISCUSSION

"A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so."[1] 18 U.S.C. § 3582(c)(1)(A) allows the Court to modify a term of imprisonment under certain circumstances. Relevant here,

---

[1] *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996).

1

the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction.

The United States Sentencing Commission has issued a policy statement for sentence reductions under this provision. The policy statement provides that the Court may reduce a term of imprisonment under § 3582(c)(1)(A) if, after considering the factors under 18 U.S.C. § 3553(a), the Court determines: (1) extraordinary and compelling reasons warrant release; (2) the defendant is not a danger to the safety of any other person or to the community; and (3) the reduction is consistent with the policy statement.[2]

Here, there is no evidence that Defendant has exhausted his administrative remedies. Therefore, the Court lacks the authority to grant Defendant his requested release. Even if he had exhausted his administrative remedies, the Court finds that Defendant is a danger to the community and his release fails to comport with the § 3553(a) factors.

### III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Compassionate Release (Docket No. 84) is DENIED WITHOUT PREJUDICE.

---

[2] U.S.S.G. § 1B1.13.

DATED this 6th day of October, 2020.

                BY THE COURT:

                _____
                Ted Stewart
                United States District Judge