IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CHAD RYAN HUNTSMAN, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE <br><br> Case No. 2:15-CR-645 TS <br><br> District Judge Ted Stewart |

This matter is before the Court on Defendant Chad Huntsman's Motion for Compassionate Release. For the reasons discussed below, the Court will deny the Motion.

I. BACKGROUND

Defendant was named in a two-count felony indictment for Production of Child Pornography (Count I) and Possession of Child Pornography (Count II).[1] Defendant pleaded guilty to Production of Child Pornography in violation of 18 U.S.C. § 2251(a), and the government moved to dismiss Count II at sentencing. This Court sentenced Defendant to a 270-month term of imprisonment in the custody of the Bureau of Prisons ("BOP") and a lifetime of supervised release on February 6, 2017.[2] Defendant has served less than six years of his sentence. He now seeks to reduce his sentence under the First Step Act to time served based on his health conditions.[3]

---

[1] Docket No. 11.

[2] Docket No. 60.

[3] Docket No. 87.

1

II. DISCUSSION

"A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so."[4] 18 U.S.C. § 3582(c)(1)(A) allows the Court to modify a term of imprisonment under certain circumstances. Relevant here,

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction.

Where, as here, a defendant has fully exhausted his administrative rights, the Court may reduce a defendant's term of imprisonment where: (1) "extraordinary and compelling reasons" warrant a sentence reduction; (2) the sentence reduction is consistent with "applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with the Court's consideration of the 18 U.S.C. § 3553(a) factors.[5]

Defendant contends he suffers from several health conditions for which he is not receiving adequate treatment, including a traumatic brain injury caused by a climbing accident; problems associated with prior incidents of collapsed lungs, also caused by a climbing accident; asthma, hypertension, long COVID, obesity, hyperglycemia; and Stage 3 kidney disease, which

---

[4] *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996) (citations omitted).

[5] 18 U.S.C. § 3582(c)(1)(A); *see also United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

Defendant alleges is life threatening because he has only one kidney. Defendant also contends that, due his ailments, he is at risk of death from COVID-19 and the facility at which he is housed is not adequately addressing the risk of spread of COVID-19.

While not binding to the Court, Application Note (1)(A) for USSG § 1B1.13 provides an instructive definition for a "Medical Condition of the Defendant" amounting to "extraordinary and compelling" reasons as follows:

> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory) . . . [or] (ii) [t]he defendant is (I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process, . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

Defendant's alleged medical conditions do not amount to extraordinary and compelling circumstances. First, Defendant has alleged some illnesses that may be quite serious, however Defendant has not alleged or provided evidence suggesting any of his alleged ailments are terminal. Further, Defendant has not alleged or provided evidence of a specific treatment that he is in need of that he is not able to access or receive while incarcerated and would receive if released. By contrast, records provided by both Defendant and the government show that Defendant has received regular medical treatments and exams while incarcerated.[6]

Defendant also alleges that the facility in which he is incarcerated is not adequately responding to the COVID-19 pandemic. He argues that, because he is an at-risk individual due to his ailments, the COVID-19 pandemic presents extraordinary and compelling reasons for his release. While Defendant alleges that he is suffering from long COVID, the Defendant's medical

---

[6] Docket No. 87-2; Docket No. 88-2.

3

notes state that he has recovered from a COVID-19 diagnosis and has also received the COVID-19 vaccine.[7] A number of courts, including this Court, have held that a fully vaccinated individual, such as Defendant, cannot show an "'extraordinary and compelling' reason within the meaning of Section 3582(c)(1)(A) when the motion is based on COVID-19 concerns."[8] Further, courts are not persuaded otherwise where the defendant seeking early release have health ailments that put them at greater risk of contracting life-threatening symptoms from COVID-19.[9] Defendant, therefore, has not sufficiently supported that his medical conditions are "extraordinary and compelling" as to merit early release.

Even if Defendant's medical conditions amounted to "extraordinary and compelling" reasons for a sentencing modification, he still must show that a sentence modification is

---

[7] *See* Docket No. 88-2 at 2–3.

[8] *United States v. Burgoon*, No. 07-20072-05-JWL, 2021 WL 1736873, at *2 (D. Kan. May 3, 2021) (collecting cases); *cf. United States v. Hald*, 8 F.4th 932, 936 n.2 (10th Cir. 2021) (noting there is "certainly room for doubt that Defendants' present circumstances would support a finding of 'extraordinary and compelling reasons'" where appellants "had either been vaccinated or been offered the opportunity to be vaccinated against COVID-19").

[9] *See, e.g.*, *United States v. McDonald*, No. 4:20-CR-00029-DN, 2022 WL 604860, at *3 (D. Utah Mar. 1, 2022) ("District courts across the country have concluded that fully vaccinated inmates with similar medical conditions to [the defendant, including obesity, essential (primary) hypertension, asthma, and clinical depression], do not satisfy the extraordinary and compelling standard."); *United States v. Larson*, No. 2:11-CR-715-DAK, 2022 WL 558338, at *1 (D. Utah Feb. 24, 2022) ("The court finds that Defendant has not met his burden of demonstrating the exceptional circumstances required for compassionate release under the First Step Act. Defendant argues that his hypertension and obesity put him at higher risk for a severe case of COVID-19, but he has had COVID-19 and recovered and has been vaccinated. Defendant contracted and recovered from COVID-19 before he was vaccinated. Now that he is vaccinated, he has an even lower risk of severe illness."); *United States v. Davis*, No. 1:15-CR-00052-DN, 2021 WL 2826744, at *2 (D. Utah July 7, 2021) (finding that extraordinary and compelling circumstances did not exist where the defendant suffered from high blood pressure, asthma, hypertension, cardiac ablation, and gastral intestinal reflux disease during COVID-19 pandemic).

warranted under the 18 U.S.C. § 3553(a) factors.[10] The Court's consideration of the §3553(a) factors leads to the conclusion that release is not appropriate. The offense here was very serious. Defendant was convicted of Production of Child Pornography after sexually abusing a three-year-old female, producing visual depictions of the abuse, and sharing the depictions with others online. His sharing of the images online means that sexually illicit images of his victim will likely be available on the internet for the foreseeable future, resulting in continued abuse and anguish to his victim.

Though this was Defendant's first criminal conviction, the seriousness of the conduct resulted in a guideline range of life imprisonment. However, the crime to which Defendant pleaded guilty carried a statutory maximum sentence of 360 months' imprisonment. Defendant's 270-month sentence reflects the seriousness of Defendant's conduct. Defendant has served less than 30 percent of his court-imposed sentence and, despite the fact that Defendant has demonstrated good behavior during his incarceration, to allow such an early release would be unjust to Defendant's victim and the public, and would not reflect the seriousness of Defendant's conduct.

Further, the 270-month sentence is necessary to provide deterrence to this Defendant and others, and to protect the public. While, as noted, this is Defendant's first criminal conviction, the conduct was so serious as to warrant a statutory minimum mandatory sentence of 15 years. Further, the Defendant's Psychosexual Evaluation, performed prior to sentencing, stated that, while Defendant accepted some responsibility for his actions, Defendant attempted to shift some

---

[10] 18 U.S.C. § 3582(c)(1)(A); *see also McGee*, 992 F.3d at 1042.

of the blame and failed to fully appreciate the harm he caused to his victim.[11] Defendant now asserts in his Motion that he has accepted full responsibility for his actions and is committed to a living a life within the confines of the law. However, even accepting these assertions as true, it is critical for the protection of the public that child sexual abuse crimes result in a significant term of incarceration to effectively deter not only Defendant but also others inclined to the same behavior. A 270-month term of incarceration is sufficient to provide both general and specific deterrence, while a term amounting to less than 30% of that sentence is not.

### III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Compassionate Release (Docket No. 87) is DENIED.

DATED this 28th day of November, 2022.

BY THE COURT:

Ted Stewart
United States District Judge

---

[11] *See* Docket No. 51-2 at 7.